**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

JAMES P. STROHMEIER,

    Petitioner,    3:07-cv-0234-KJD-VPC

vs.

**ORDER**

COLORADO ATTORNEY GENERAL, *et al.*,

    Respondents.

_____/

       This action is a petition for a writ of habeas corpus by James P. Strohmeier, a Colorado resident who claims that he was unconstitutionally convicted of contempt of court in a Colorado court, and jailed in Colorado for 180 days in February and March 2006 as a result.

       The habeas petition was filed on May 16, 2007 (docket #2).  Petitioner paid the filing fee (docket #1).

       Under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court is charged with performing a preliminary review of habeas petitions before they are served on the respondents.  "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."  Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.  In this case it is clear that petitioner is not entitled to relief in this Court, as this Court is without jurisdiction over this action.

1 Pursuant to 28 U.S.C § 2241(d), courts in the district of conviction and the district of
2 confinement have concurrent jurisdiction over applications for habeas corpus filed by state prisoners.
3 Petitioner was not convicted in this district, and he is not confined here; therefore, this court does not
4 have jurisdiction to entertain his habeas petition.

5 Under 28 U.S.C. § 1631, "if a court finds that there is a want of jurisdiction the court
6 shall transfer the action to any other such court in which the action could have been brought 'if
7 it is in the interest of justice.'" *Miller v. Hambrick*, 905 F.2d 259, 262 (9th Cir. 1990) (citing
8 *In re McCauley*, 814 F.2d 1350, 1351-52 (9th Cir.1987)).  In this case, the interests of justice do not
9 mandate transfer of this action.  There was no apparent reason for petitioner to file this action in this
10 forum, as none of the events leading to his conviction occurred in this district, the conviction was not
11 in this district, and his incarceration was not in this district.  *See In re McCauley*, 814 F.2d 1350,
12 1352 (9th Cir.1987) (Section 1631 "serves to 'aid litigants who were confused about the proper
13 forum for review.'" (quoting *American Beef Packers, Inc. v. ICC*, 711 F.2d 388, 390
14 (D.C.Cir.1983))).  Moreover, petitioner was out of custody long before this action was initiated; it
15 therefore appears unlikely that this action would be cognizable in any Court.  *See* 28 U.S.C.
16 §§ 2241(c)(3), 2254(a); *Maleng v. Cook*, 490 U.S. 488, 492 (1989); *Carafas v. LaVallee*, 391 U.S.
17 234, 238 (1968).  This case will, therefore, be dismissed, and petitioner's motions regarding service
18 of process (docket #5 and #6)  denied.

19 **IT IS THEREFORE ORDERED** that "Petitioner's Motion for Order re Service and
20 for Respondents to Provide Documents" (docket #5) is **DENIED**.

21 **IT IS FURTHER ORDERED** that "Petitioner's Motion for US District Court Order
22 re Habeas Corpus Petition Service by United States Marshall's Service to Respondents and Costs
23 Paid Thereof" (docket #6) is **DENIED**.

24 ///
25 ///
26 ///

**IT IS FURTHER ORDERED** that this action is **DISMISSED**.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall **ENTER JUDGMENT ACCORDINGLY.**

DATED: February 8, 2008.

_____
UNITED STATES DISTRICT JUDGE